**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ROBERTO PALACIOS-GUZMAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-74136 <br><br> Agency No. A097-907-476 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Carlos Roberto Palacios-Guzman, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1055-56 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that Palacios-Guzman demonstrated changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Accordingly, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's finding that Palacios-Guzman did not establish past persecution or a clear probability of future persecution, because he failed to demonstrate the government was unwilling or unable to protect him from the group that kidnapped him. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005); *see also Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report non-governmental persecution due to belief that police would do nothing did not establish that government was unwilling or unable to control persecutors). Accordingly, Palacios-Guzman's withholding of removal claim fails.

Substantial evidence supports the agency's denial of Palacios-Guzman's CAT claim because he failed to demonstrate it is more likely than not he will be

tortured if returned to El Salvador.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49

(9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**